UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY T., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 487 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kimberly T. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision that her medical condition has improved and she is no longer entitled to disability benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

In October 2003, the SSA awarded plaintiff disability benefits, finding her disabled by "[a]ffective/mood disorders." (R. 51.) Subsequently, the SSA conducted a continuing disability review and determined that medical improvement ("MI") had occurred. (R. 113-33.) Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), which was held on April 22, 2016 and May 23, 2017. (R. 1341-1416.) On August 9, 2017, the ALJ issued a decision finding that plaintiff had experienced MI as of January 1, 2010 and thus was no longer disabled as of that date. (R. 17-28.) The Appeals Council declined to review the decision (R. 9-11), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 20 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

According to the SSA's regulations, MI "is any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent . . . decision [in plaintiff's favor.]" 20 C.F.R. § 404.1594(b)(1). SSA regulations prescribe an eight-part sequential test for determining whether MI has occurred. *See* 20 C.F.R. § 404.1594(f). The SSA must consider whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant has an impairment or combination of impairments that meets or equals a listed impairment; (3) there has been MI; (4) the MI is related to the claimant's ability to work; (5) any exceptions to MI apply; (6) the claimant's current impairments are severe; (7) if so, the claimant has the residual functional capacity ("RFC") to do past relevant work; and (8) if not, the claimant's RFC enables her to do other work. *Id.*

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity through September 30, 2013, her date last insured ("DLI"). (R. 19.) At step two, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment from January 1, 2010 through her DLI. (R. 20.) At steps three and four, the ALJ found that MI related to plaintiff's ability to work occurred on January 1, 2010. (R. 21, 26.)

At step six,[1] the ALJ found that plaintiff continued to have severe impairments of "bipolar disorder and a spine impairment." (R. 26.) At steps seven and eight, the ALJ found that as of January 1, 2010, plaintiff did not have the RFC to perform her past relevant work but had the RFC to perform other jobs that existed in significant numbers in the national economy. (R. 26-27.) Thus, the ALJ concluded, plaintiff's disability ended on January 1, 2010. (R. 28.)

Plaintiff challenges the ALJ's step-three determination that plaintiff experienced MI. According to the regulations, an MI determination "must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the] impairment(s)." 20 C.F.R. § 404.1594(b)(1). Plaintiff contends the ALJ determined that MI had occurred without "discuss[ing] any improvement in signs, symptoms or laboratory findings," as the regulations require. (Pl.'s Br., ECF 13 at 3.)

The Court agrees. As an initial matter, the ALJ does not explain how he chose January 1, 2010 as the date of MI. The ALJ cites medical evidence from June 2009 and June 2010 (*see* R. 23) but nothing from late 2009, early 2010, or any other time that suggests MI occurred as of January 1, 2010. More importantly, the ALJ concludes that MI occurred without comparing plaintiff's 2003 symptoms, which rendered her disabled, to her symptoms from January 2010. In fact, the ALJ never even mentions the signs and symptoms from 2003. Absent that comparison, the ALJ had no basis for determining that MI had occurred. *See* 20 C.F.R. § 404.1594(c)(1) ("Medical improvement . . . is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with th[e] impairment(s)."); *Yousif v. Chater*, 901 F. Supp. 1377, 1385 (N.D. Ill. 1995) (stating that "medical improvement must be based not on a single report as such, but

---

[1] Step five does not apply.

3

rather on a comparison between the medical report or reports that reflect an allegedly 'improved' claimant and the medical reports at the time of the most recent favorable decision of disability"). Accordingly, this case must be remanded for a new MI determination.

## Conclusion

For the reasons set forth above, the Court denies defendant's motion for summary judgment [20], reverses the SSA's decision and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands the case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                          **ENTERED: November 25, 2019**

_____
**M. David Weisman**
**United States Magistrate Judge**